L64ZZsidC-LM

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4              v.                              20 Cr. 473
5  SAIBO SIDIBEH, MOUKHAMEDE
   FALL, MAMADY DANFAKHA, MAMADOU
6  DIALLO, DEMBA DIAKITE, and
   MOHAMMED SABALY,
7                                              Remote Conference
8
                  Defendants.
9
   ------------------------------x
10
                                                New York, N.Y.
11                                              June 4, 2021
                                                1:00 p.m.
12 Before:
13                    HON. VICTOR MARRERO,
14                                              District Judge
15                         APPEARANCES
16
   AUDREY STRAUSS
17      United States Attorney for the
        Southern District of New York
18 ANDREW A. ROHRBACH
        Assistant United States Attorney
19
   FEDERAL DEFENDERS OF NEW YORK
20      Attorney for Defendant Sidibeh
   ZAWADI BAHARANYI
21
   ROTHMAN SCHNEIDER SOLOWAY & STERN, LLP
22      Attorney for Defendant Fall
   JEREMY SCHNEIDER
23
   LAZZARO & GREGORY, P.C
24      Attorney for Defendant Danfakha
   JAMES ANDREW KILDUFF
25

L64ZZsidC-LM

                          APPEARANCES (Cont'd)


LAW OFFICE OF EVANS D. PRIESTON, P.C.
     Attorneys for Defendant Diallo
EVANS D. PRIESTON

KOCH LAW
     Attorney for Defendant Diakite
LEE KOCH

DAWN M. FLORIO LAW FIRM, PLLC
     Attorneys for Defendant Sabaly
DECLAN MURRAY

JOHN BURKE
     Attorney for Defendant Doumbia

1              (Case called)

2              THE COURT:  There are multiple defendants in this

3     matter in addition to Mr. Sidibeh:  Mr. Fall, Mr. Danfakha,

4     Mr. Diallo, Mr. Diakite, Mr. Sabaly, and Mr. Doumbia.  Did I

5     list all of the defendants?

6              Are all of the defendants on the line?

7              MR. SCHNEIDER:  Yes, your Honor.  This is Jeremy

8     Schneider representing Mr. Fall.  I am waiving Mr. Fall's

9     appearance on this call.  I spoke to him yesterday, and he's

10    authorized me to proceed with this conference in his absence.

11             MS. BAHARANYI:  Your Honor, this is Zawadi Baharanyi

12    with the Federal Defenders of New York.  I represent

13    Mr. Sidibeh.  I also am waiving his presence for the purpose of

14    today's proceeding.

15             THE COURT:  Thank you.

16             MR. PRIESTON:  This is Evans Prieston for Mamadou

17    Diallo.  I'm waiving his appearance for the purposes of this

18    conference.

19             MR. KILDOFF:  Your Honor, this is James Kildoff

20    appearing for Mamady Danfakha, and I, too, waive his appearance

21    for the purposes of this conference.

22             MR. BURKE:  Good afternoon.  This is John Burke, and I

23    represent Mr. Bangaly Doumbia.  And, Judge, I am going to waive

24    his appearance for this conference also, with the Court's

25    permission.

1     MR. KOCH:  This is Lee Koch appearing on behalf of
2 Demba Diakite.  Good afternoon.  I am also waiving his
3 appearance, pursuant to the Court's permission.
4     THE COURT:  All right.  So it appears that all of the
5 defendants are waiving their appearance in person for the
6 purposes of this proceeding.
7     Who is the counsel for the government in this case?
8     MR. ROHRBACH:  Good afternoon, your Honor.  Andrew
9 Rohrbach, for the government.
10    THE COURT:  All right.  Let's take care of a number of
11 procedural and housekeeping matters.
12    As you know, we're in the midst of the COVID-19
13 pandemic, and I'm conducting this proceeding remotely pursuant
14 to the authority granted by Section 15002 of the CARES Act and
15 the standing orders issued by the chief judge of the Southern
16 District of New York pursuant to that Act.  Counsel are
17 appearing telephonically, and the defendants are also
18 participating by telephone rather than in person.
19    I am conducting this proceeding by teleconference
20 rather than videoconference under the CARES Act because I find
21 that videoconferencing is not yet reasonably and reliably and
22 practically available in all cases in our district at this time
23 based on my understanding of the District's currently limited
24 technical capabilities and other constraints.  I have not
25 received a written waiver of each of the defendant's presence

1    before me, and I want to confirm on the record that the
2    defendants agree to proceed by means of teleconference.
3            Would each counsel just indicate your waiver of
4    personal appearance on behalf of your clients and agree to
5    proceed by telephone.
6            MR. SCHNEIDER:  Your Honor, this is Jeremy Schneider
7    for Moukhamede Fall.  I spoke to Mr. Fall about his right to be
8    present under the CARES Act.  He has informed me that he waives
9    his appearance physically and is prepared to proceed either
10   telephonically or by video, and he also told me to waive his
11   appearance on this telephone call as well.
12           THE COURT:  Thank you.  Next.
13           MR. KOCH:  Lee Koch appearing on behalf of Demba
14   Diakite.  He's waiving his appearance today, too, pursuant to
15   the discussion we had a second ago.
16           THE COURT:  And beyond waiving appearance, the
17   question is also whether he consents to proceeding by
18   telephone.
19           MR. KOCH:  I apologize.  Yes, your Honor, he does.
20           THE COURT:  All right.  Next.
21           MR. PRIESTON:  Evans Prieston for Mamadou Diallo.
22   Your Honor, my client's authorized me to appear on his behalf
23   and waives presence and allow the proceedings to be done
24   telephonically, and also has authorized me to waive his
25   appearance.

1           THE COURT:  All right.

2           MR. KILDOFF:  Judge, James Kildoff appearing for
3    Mamady Danfakha.  Mr. Danfakha was with me yesterday, and he
4    consents to this proceeding to be conducted telephonically, and
5    he also authorized me to waive his appearance for the purposes
6    of this proceeding.

7           THE COURT:  Thank you.  Next.

8           MS. BAHARANYI:  Judge, this is Zawadi Baharanyi with
9    the Federal Defenders on behalf of Mr. Sidibeh.  Mr. Sidibeh
10   does consent to proceeding telephonically with today's
11   proceeding, also waives his appearance for today's proceeding.

12          MR. BURKE:  Judge, it's John Burke for Bangaly
13   Doumbia.  He waives his physical appearance.  He consents to
14   have this conference today by phone.  With the Court's
15   permission, Judge, he would also like to waive his appearance
16   on this phone call, and I will inform him of the results of the
17   call once we're done.

18          THE COURT:  All right. Thank you.  It appears that
19   all of the defendants have consented to waive appearance and to
20   agree to proceed with this conference by telephone.

21          One other important matter, procedurally:  I direct
22   the government to comply with its obligations under *Brady v.*
23   *Maryland* and its progeny to disclose to the defense all
24   information, whether admissible or not, that is favorable to
25   the defendants, material to either guilt or punishment, and

1    known to the prosecution.  Possible consequences for
2    noncompliance may include dismissal of individual charges or
3    the entire case, exclusion of evidence, and professional
4    discipline or court sanctions on the attorneys responsible.  I
5    will be entering a written order more fully describing this
6    obligation and the possible consequences of the government's
7    failing to meet it, and I direct the prosecution to review and
8    comply with that order.
9            Mr. Rohrbach, does the government confirm that it
10   understands its obligations under this doctrine and will
11   fulfill them?
12           MR. ROHRBACH:  Yes, your Honor.
13           THE COURT:  Thank you.
14           Mr. Rohrbach, given that this is the defendants' first
15   appearance before this Court following their arraignment on the
16   underlying charges, would the government bring the Court and
17   the defendants up to date on its discovery schedule and
18   obligations to produce discovery and any other matters that the
19   government may wish to call to the Court's attention at this
20   time.
21           MR. ROHRBACH:  Yes, your Honor.  We were actually
22   before your Honor some time ago, in late October, for an
23   initial appearance.  And the discovery in this case is quite
24   voluminous, involving a significant number of bank records and
25   social media and other ESI.  The government completed its

1   discovery production in January of this year, with the obvious
2   caveat that as the government obtains additional discovery,
3   we'll produce it to the defendants.  We have been adjourning
4   conferences since then, in part to give defense ample time to
5   review that voluminous discovery and also in order to allow the
6   parties to engage in negotiations about a resolution of the
7   case without the need for trial, and not all those discussions
8   have occurred.
9            At this point, given that it's been some time since we
10  were last before your Honor and since discovery has been
11  produced, however, the government today would like to ask the
12  Court today to set a motion schedule so that if the defendants
13  have any Rule 12 motions, they are able to file them.
14           THE COURT:  All right.  How much time, Mr. Rohrbach,
15  would the government suggest for the next conference?
16           MR. ROHRBACH:  Having not discussed it with defense
17  counsel, I think perhaps 45 days might be an appropriate period
18  of time for the defendants to file their motions, and perhaps a
19  conference in -- I guess I'm not familiar with the Court's
20  practices; if the Court would like a conference before the
21  motion, perhaps 45 days.  Otherwise, prep the motion, then 45
22  days, followed by a conference.
23           THE COURT:  All right.
24           MR. SCHNEIDER:  Your Honor, this is Jeremy Schneider
25  -- I'm sorry, your Honor.  I apologize.  May I speak, your

1    Honor?

2           THE COURT:  Let me just -- as a matter of practice, I
3    don't like to set up conferences for the purposes of motions
4    because it sort of predisposes that there are going to be
5    motions before the defendants have had an opportunity even to
6    conclude reviewing discovery and engaging in discussions.  So
7    I'm prepared to schedule a next conference at that point, as
8    the defendants may have had sufficient opportunity to determine
9    whether there are going to be motions, and if so, give a
10   proffer of what good faith basis there may be for any
11   particular motion.

12          Mr. Schneider, you had a comment?

13          MR. SCHNEIDER:  I was actually going to suggest just
14   as your Honor just said.  I was going to suggest that I think
15   we still need a little bit more time not just to review the
16   discovery but decide what, if any, motions need to be filed, as
17   well as to continue discussing possible pretrial disposition.

18          Now that we're coming to, hopefully, the tail end of
19   the Covid pandemic, it's easier to have conversations with
20   clients and meetings with clients and cocounsel.  So I would
21   suggest, our next conference, come back either in August -- it
22   depends if your Honor wants a telephonic conference or an
23   in-person conference.  If it's teleconference, I would suggest
24   August; if it's in person, I would suggest September.  And then
25   by that date, we will know what, if any, motions we'll file.

1  That is just my suggestion, your Honor.

2  MR. BURKE:  Judge, this is John Burke.

3  I'm joining in Mr. Schneider's application because I
4  think this time would give us an ample period to digest
5  discovery and/or to discuss possible dispositions.  So I'm
6  joining in that application by Mr. Schneider.

7  THE COURT:  All right.  Let's look for a date towards
8  the middle of September, and I'll assume that by then court
9  will be sufficiently reopened and that we will have the
10  conference in person.  If it's otherwise, we will let you know.

11  MR. SCHNEIDER:  Your Honor, this is Jeremy Schneider
12  again.  I'm sorry to be a pain.  I'm starting a trial with
13  Judge Nathan on September 21st.  May I suggest September 14th
14  as an in-person court appearance, unless your Honor tells us
15  otherwise?

16  THE COURT:  Let's look at the calendar.

17  MS. BAHARANYI:  Your Honor, this is Zawadi Baharanyi.
18  I'll be in trial that week of the 13th, available before or
19  after, later in the week, of the 20th.

20  THE DEPUTY CLERK:  Hi, Judge.  We have Friday,
21  September 10th open.

22  THE COURT:  We scheduled some other matter on the 10th
23  of September, which is a Friday.  Do we have an opening left on
24  Friday, the 10th?

25  THE DEPUTY CLERK:  Yeah.  We have 2 p.m. open still.

1    THE COURT:  All right.  2 p.m. on Friday,
2 September 10th.
3    MR. SCHNEIDER:  This is Jeremy Schneider.
4 September 10th at 2 p.m. is good for me.
5    THE COURT:  All right.  Is it not good for any of the
6 other defendants?
7    All right.  Hearing none, I --
8    MR. MURRAY:  Judge, this is Declan Murray of the Dawn
9 Florio Law Firm for Mr. Sabaly.  That time and date works for
10 us, your Honor.
11    THE COURT:  All right.
12    Does that time work for the government, Mr. Rohrbach?
13    MR. ROHRBACH:  Yes, your Honor.
14    THE COURT:  Is there a motion on that schedule,
15 Mr. Rohrbach?
16    MR. ROHRBACH:  Yes.  The government moves to exclude
17 time under the Speedy Trial Act until that date so that the
18 defendants may continue reviewing discovery and consider any
19 motions they would like to file, and so the parties can
20 continue their conversations regarding resolution of the case
21 without the need for trial.
22    THE COURT:  All right.  The government's motion to
23 exclude and adjourn time from Speedy Trial calculations from
24 today through September 10th, is there any defendant who
25 objects?  If you do not object, you don't need to say anything.

1  Does any defendant object to the exclusion of time until
2  September 10th?
3       Hearing none, the motion is granted.  I find that the
4  reasons conveyed to the Court warrant exclusion of time, as
5  it's intended to ensure the effectiveness of counsel and to
6  prevent any miscarriage of justice.  The Court is satisfied
7  that the ends of justice are served and the granting of this
8  continuation outweigh the best interests of the public and
9  defendants in a speedy trial.  This order of exclusion of time
10 is entered pursuant to the provisions of the Speedy Trial Act,
11 Title 18, U.S.C. Section 3161(h)(7)(B)(i) and (iv).
12      If there is nothing else from the government and
13 defendants, thank you, have a good day and a good weekend.
14      (Adjourned)